DREW, J.,
dissenting from denial of rehearing.
11 Four judges of this court declined to grant rehearing of this court’s opinion that reversed the trial court, resulting in the suppression of evidence lawfully seized in conjunction with the execution of a narcotics search warrant at the Levingston Motel.[1] Since the actions of the officers were objectively reasonable, in all respects, I respectfully dissent.
*1004 Muehler v. Mena, 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005), was a unanimous decision by the United States Supreme Court, holding that the Fourth Amendment allows detention of all occupants in handcuffs while a search warrant is being executed, and that it does not require officers to have an independent reasonable suspicion before questioning a subject about his or her immigration status. The officers had a search warrant for Mena’s house for deadly weapons and evidence of gang membership. She had rented a room in her house to a gang member who was a suspect in a drive-by shooting. The SWAT team executed the warrant early one morning while Mena was asleep in her bed. The officers handcuffed her at gunpoint, along with three other occupants. Mena was then detained in handcuffs in her garage for two to three hours. Two officers guarded her and the other detainees. During this time frame she gave incriminating statements and provided documents relevant to her immigration status, all of which the Supreme Court allowed into evidence.
Thompson was apparently not an occupant of either of the motel rooms described in the search warrant. When initially detained, he was, by his own admission, “a good ten feet” away from the door of one of the units to be searched, having just walked by the front door.[2] Even defense counsel agreed that this was a high-crime area, notorious for drugs and prostitution. The defendant was close enough to be a threat to the officers.
|?Three recent Louisiana Supreme Court cases have allowed cuffing (without probable cause to make an arrest) during a frisk situation, for officer safety. See State v. Adams, 2001-3231 (La.1/14/03), 836 So.2d 9; State v. Porche, 2006-0312 (La.11/29/06), 943 So.2d 335; and State v. Palmer, 2009-0044 (La.7/1/09), 14 So.3d 304.
In Adams, supra, a female was detained in a public area in a high-crime neighborhood in New Orleans. After making eye contact with some of the officers in the arriving police units, Adams fled without provocation, which led to her lawful detention. She was lightly frisked by a male officer, then handcuffed for 10-12 minutes to await a female officer, who more thoroughly frisked her. Cocaine was discovered and allowed into evidence.
The Thompson concurrence reasons that the frisk and extended detention of Ms. Mena (Muehler v. Mena, supra) was lawful because she was in a home that was the subject of a search warrant. Because Mr. Thompson was (as concluded in the Thompson concurrence) in a public area, his “extended detention” (20-25 minutes, which is 10-15 minutes longer than Ms. Adams, and at least 90 minutes shorter than Ms. Mena) was deemed unreasonable. All events in Adams occurred in public.
Palmer, supra, appears to also be especially germane to these instant facts. Natchitoches Police, responding to complaints of heavy pedestrian and vehicular traffic from concerned citizens in a drug trafficking area, went to the premises without a warrant, to conduct a “knock- and-talk.” As soon as the officers pulled *1005 up, numerous individuals began to run or “fast-walk” away. One of the people detained by the police was Palmer, who was immediately handcuffed. While he was shackled, he agreed for the officers to search his car. Drugs were found and allowed into evidence.
| <¡The officers under our facts had gone to the trouble to secure a search warrant, which should trigger the good-faith rule concerning their actions, as per United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Also, the U.S. Supreme Court has recently demonstrated a reluctance to apply the exclusionary rule in two recent cases. See Hudson v. Michigan, 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006), and Herring v. U.S., 555 U.S. 135, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009).
The trial court found the officer(s) credible. The video in evidence shows nothing helpful to the defendant here.
Probably most important to our reasoning in this case should be the landmark case of Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), which established 30 years ago that officers have the right to exercise unquestioned command of the situation when executing a search warrant, including detaining, cuffing, and questioning persons at the scene. There is no restriction that the detainee be inside the premises to be searched. During the execution of a search warrant, any persons on the scene are almost always required to stay there, and any visitors who may arrive at the scene can be detained until the search is completed. See Summers, supra.[3]
Less than 30 minutes after he was first detained, Thompson had provided at least three, and possibly four, lawful grounds for officers to search his truck:
1. By probable cause to search his vehicle, due to his admission of being a felon in possession of a firearm that “might be” located in his truck;
2. By consenting, post -Miranda, orally and in writing, to the search[4] of his truck;
143. By a search, incident to an arrest, because his statement about maybe being a felon in possession would have allowed his arrest, and, as a contemporaneous incident thereto, a search of his passenger compartment, pursuant to Arizona v. Gant, 556 U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), since there was clearly a reasonable belief that evidence of the crime of arrest was in the truck; and, potentially,
4. Had he been unshackled after the initial frisk, as endorsed by the majority, and had he sought entry into his truck, a frisk of the passenger compartment for officer safety would have been lawful, pursuant to Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), prior to allowing him back into his vehicle.
The majority here has placed at risk all officers in highly volatile and dangerous situations that occur in areas rampant with crime and violence.
The majority has declared as unreasonable that the officer kept Thompson in *1006 handcuffs[5] for less than 30 minutes after completion of the initial frisk, while the other officers executed the search warrant. Within this brief period, Thompson had, out of his own mouth, provided probable cause to arrest him, as well as probable cause to search him and his truck. He also gave his voluntary consent for the search.
What the officers did here was objectively reasonable. With respect, I would grant the rehearing and reinstate the ruling of the trial court which denied the motion to suppress.

. State v. Thompson, 46,039 (La.App.2d Cir.2/23/11), 58 So.3d 994.

. In State v. Boyer, 2007-0476 (La. 10/16/07), 967 So.2d 458, the Louisiana Supreme Court approved the forcible detention and frisk of a person using a cell phone 10 feet from the comer of a mobile home that was the subject of a search warrant. The subsequent search was held unlawful. Similarly, in State v. Cooper, 36,472 (La.App.2d Cir. 10/23/02), 830 So.2d 440, cited by the defendant in brief, we held the detention and the frisk to be lawful, but disallowed the fruits of a later search conducted without benefit of probable cause. These two cases help the state here, not the defendant.

. Reasons for keeping all subjects at the scene, as given by the Summers court: officer safety; flight prevention (and if probable cause to arrest develops, the officers will be relieved of having to locate and recapture the defendants); and some subjects on the scene may actually provide assistance in finding the objects of the search.

. In fact, he went into his truck, got the dope, and handed it to the officer.

. The use of handcuffs during questioning does not necessarily mean that a detention has become an arrest. State v. Baudoin, 2010-KK-2868 (La.3/4/11), 55 So.3d 1044.